**S T A T E O F M I C H I G A N**

**IN THE CIRCUIT COURT FOR THE COUNTY OF MUSKEGON**

DUCK LAKE RIPARIAN OWNERS ASSOCIATION, a Michigan non-profit corporation, DAVID PEQUET, and JANE KENNEDY,

Plaintiffs,

-vs-.

File No. 11-47935-CZ

Hon. William C. Marietti

FRUITLAND TOWNSHIP, a Michigan general law township, JUDITH M. TRAYNOR TRUST, DOUGLAS A. and JENNIFER L. ZWEMER, husband and wife, RONALD B. and KELLEY J. PEEL, husband and wife, JOEL BOYDEN, JR., FRANKLIN L. and KAREN S. GORDON TRUST, JOSEPH SHELTON, GERALD and GWENDOLYN HENNING, husband and wife, RONALD RANDS JR. and BRENDA RANDS, husband and wife, HUGO J. FERRARI, JR., JAMES H. and FAY J. TELLAM, husband and wife, JEROME K. RUMPS TRUST, ROBERT and RUTH HUBERS, husband and wife, JAMES D. and LISA M. SCHWEIGERT, husband and wife, and RICHARD and LINDA DURELL, husband and wife,

Defendants.

---

Bruce P. Rissi (P33218)
Attorney for Plaintiff
SCHOLTEN FANT
100 North Third St., P.O. Box 454
Grand Haven, MI 49417-0454
Telephone: (616) 842-3030

---

**<u>FIRST AMENDED COMPLAINT</u>**

A civil action between these parties or other parties arising out of the transaction or occurrence as alleged in the complaint has been previously filed in this Court where it was given Docket No. 05-43891-CH and it was assigned to Judge William C. Marietti. The action is no longer pending.

## Introduction

1. This First Amended Complaint includes claims for declaratory and injunctive relief and further includes claims alleging violation of constitutional rights and is thus within the jurisdiction of the circuit court.

2. This dispute involves issues of riparian, access and dockage rights of property located near, but not on, the shore of Duck Lake in Fruitland Township. Specifically at issue are three areas in original Government Lot 2 in Section 24 of Fruitland Township, which are now known as "Marcus Dunes Condominiums," "Winterwood Shores Homeowners Association," and a parcel on Lake Michigan owned by Richard and Linda Durell.

3. Specifically, the issues presented in this action concern whether the owners of the above properties, which are not lake front, possess "riparian rights" to construct and maintain docks on a narrow parcel along the shore of Duck Lake known as "Marcus Park". Additionally, Plaintiffs contend that Defendants have been "over-burdening" or unreasonably using any riparian or dockage rights they may have.

4. Plaintiffs have standing in this matter based on the following:

   a. Plaintiffs have a legal cause of action pursuant to Fruitland Township Zoning Ordinance section 20.09 to enforce Township ordinances including, but not limited to, section 8.05a which Fruitland Township has and continues to violate by facilitating the use of Marcus Park as an access site to Duck Lake for more than one single family dwelling and with less than 50 feet of lake frontage per accessing lot or dwelling;

   b. Plaintiffs have a legal cause of action pursuant to Article 1, Section 2 and Section 17 of the Michigan Constitution and the 14th Amendment of the

United States Constitution and 42 USC § 1983 because Fruitland Township has treated similarly situated Township residents differently by allowing the individual Defendants to have dockage rights at Marcus Park and denying the same rights to Plaintiffs and others and has restricted or violated Plaintiffs' riparian rights without due process or adequate compensation;

c. The unauthorized docks at Marcus Park restrict the Plaintiffs' rights to unfettered navigation at and near the Marcus Park shoreline pursuant to MCL 324.80149;

d. Plaintiffs have a legal cause of action pursuant to MCL 324.30110 because the unauthorized docks at Marcus Park increase the total number of boats on Duck Lake resulting in excessive boat traffic, overcrowding and overuse of shoreline areas and water resources which may result in nuisance conditions, degradation of property values, user conflicts and undesirable impacts on the public health, safety and general welfare on Duck Lake. Such unreasonable use of the Defendant Township's riparian rights adversely affects Plaintiffs' riparian rights;

e. Plaintiffs are entitled to declaratory relief pursuant to MCL 2.605;

f. Construction and use of docks at Marcus Park has resulted in illegal and unsafe parking on a dangerous portion of Scenic Drive by the individual Defendants subjecting Plaintiffs to unreasonable and unnecessary traffic hazards on a regular basis;

g. The unauthorized docks, boats and other materials at Marcus Park amounts to an eyesore that detracts from the beauty of the lake and its shoreline and obstructs Plaintiffs' view of the park.

**The Parties**

5. Plaintiff Duck Lake Riparian Owners Association is a Michigan non-profit corporation organized for the purposes stated in its Articles which include to "foster and support those activities and actions which preserve the natural amenities of the Lake and public trust, including the rights accruing to the owners of riparian property. . ."

6. Plaintiff, David Pequet, is a member of the Duck Riparian Owners Association and is a seasonal resident at lake front riparian land along the shore of Duck Lake.

7. Plaintiff, Jane Kennedy, is the owner of non-riparian property located at 5853 Duck Lake Road in Fruitland Township.

8. Defendant, Fruitland Township, is a Michigan general law township which owns "Marcus Park", a narrow strip of lakefront land between Scenic Drive and Duck Lake.

9. Defendant, Judith M. Traynor Trust, is the owner of Unit 1, Marcus Dunes Condominium Association.

10. Defendants, Douglas A, and Jennifer L. Zwemer, are the owners of Unit 2, Marcus Dunes Condominium Association.

11. Defendant, Gerald Henning, is the owner of Unit 3, Marcus Dunes Condominium Association.

12. Defendants, Ronald B. and Kelly J. Peel, are the owners of Unit 4, Marcus Dunes Condominium Association.

13. Defendant, Joel Boyden, Jr., is the owner of Unit 6, Marcus Dunes Condominium Association.

14. Defendant, Franklin L. and Karen S. Gordon Trust, is the owner of Unit 7, Marcus Dunes Condominium Association.

15. Defendant, Joseph Shelton, is the owner of Units 8, 9, 10, 11, and 13, Marcus Dunes Condominium Association.

16. Defendants, Gerald and Gwendolyn Henning, are the owners of Unit 12, Marcus Dunes Condominium Association

17. Defendants, Ronald Rands, Jr. and his wife, Brenda Rands, are owners of property in Winterwood Shores Association located at 4377 Winterwood Shores, Whitehall, MI 49461, as described in the deed recorded at Liber 2205, Page 541, Muskegon County Register of Deeds.

18. Defendant, Hugo J. Ferrari, Jr., is the owner of property in Winterwood Shores Association located at 4367 Winterwood Shores, Whitehall, Ml 49461, as described in the deed recorded at Liber 3053, Page 728, Muskegon County Register of Deeds.

19. Defendants, James H. and Fay J. Tellam, are the owners of property in Winterwood Shores Association located at 4387 Winterwood Shores, Whitehall, MI 49461, as described in the deed recorded at Liber 3000, Page 046, Muskegon County Register of Deeds.

20. Defendant, Jerome K. Rumps Trust, is the owner of property in Winterwood Shores Association located at 4378 Winterwood Shores, Whitehall, Ml 49461, as described in the deed recorded at Liber 2268, Page 246, Muskegon County Register of Deeds.

21. Defendants, Robert and Ruth Hubers, are the owners of property in Winterwood Shores Association located at 4368 Winterwood Shores, Whitehall, MI 49461, as described in the deed recorded at Liber 3463, Page 421, Muskegon County Register of Deeds.

22. Defendants, James D. and Lisa M. Schweigert, are the owners of property in Winterwood Shores Association located at 4388 Winterwood Shores, Whitehall, MI 49461, as described in the deed recorded at Liber 2267, Page 267, Muskegon County Register of Deeds.

23. Defendants Richard and Linda Durell are owners of property located at 4325 Scenic Drive, North Muskegon, MI 49445, as described in the deed recorded at Liber 1207, Page 355, Muskegon County Records.

**Facts Pertaining to All Defendants**

24. All of the above-named individual Defendants are home owners or condominium owners in the immediate vicinity of Duck Lake, Fruitland Township, County of Muskegon.

25. None of the properties of the individual Defendants fronts on Duck Lake and thus none of the individual defendants is a "riparian owner" as that term has been defined in Michigan law.

26. On information and belief, all individual Defendants claim riparian rights to Duck Lake, including boating and dockage rights. On information and belief, Defendants' claims are founded on language contained in their documents of title, including quit claim deeds, warranty deeds, and easements, as alleged further in this Complaint.

27. All of the Defendants' properties at issue were originally owned by a common grantor or grantors, G. Edward and Mignon P. Dake, husband and wife.

28. Duck Lake is an inland lake located in Muskegon County with a shallow outlet but no boat access to Lake Michigan. Over the years, many personal residences including those of Plaintiffs (except Plaintiff Kennedy) have been constructed along the southern shore of Duck Lake.

29. Marcus Park is a public park owned by Defendant Fruitland Township and is open to the general public for recreational use and park purposes.

30. Since April 2, 1977, when Fruitland Township by formal Resolution accepted the donation of property to form "Marcus Park," various of the Defendants have constructed docks, boat lifts and permanent moorings along the shore of Marcus Park.

31. These docks, lifts and other structures are utilized to seasonally dock and moor boats belonging to Defendants, and have been stored on Marcus Park property over the winter when not in use.

32. On information and belief, the individual Defendants who are residents of the Marcus Dunes Condominiums maintain that they have a right to establish, use and maintain private, nonpublic, docks, lifts and other structures on Marcus Park property.

33. On information and belief, the individual Defendants who are members of the Winterwood Shores Association maintain that they have a right to establish, use and maintain private, nonpublic, docks, lifts and other structures on Marcus Park property.

34. On information and belief, the Defendants Durell maintain that they have a right to establish, use and maintain and store private, nonpublic docks, lifts and other structures on Marcus Park property.

35. On information and belief, Defendant Fruitland Township has permitted exclusive private use of public lands, i.e., Marcus Park, by the individual Defendants to establish, use and maintain and store private, nonpublic, docks, lifts and other structures on Marcus Park property.

36. There has been an ongoing controversy between Plaintiffs (except Plaintiff Kennedy) and Defendants over the extent to which Defendants are entitled to have access to Duck Lake and to construct and store docks, lifts and other private structures along the shore in the area known as Marcus Park.

37. Defendant Fruitland Township claims that the individual Defendants have the right not only of access to the lake by means of Marcus Park, but also the right to construct, maintain and store private, nonpublic, docks, lifts and other structures on Marcus Park property.

**<u>Allegations Pertaining to Winterwood Shores Parcels</u>**

38. Prior to 1953, the property located in Government Lot 2, now known as Winterwood Shores Association, was owned by G. Edward and Mignon P. Dake, and later, by Mignon P. Dake as the survivor of herself and her husband.

39. On June 30, 1953, Mignon P. Dake conveyed by warranty deed (Liber 625, Page 453 Muskegon County Register of Deeds) to John R. Achterhoff a large parcel of property located in

Government Lot 2 known as "Parcel No 1", and a second non-contiguous smaller parcel, known as "Parcel No. 2".

40. Parcel No. 2 of the Dake to Achterhoff deed fronts on Duck Lake and therefore is a "riparian" parcel.

41. Parcel No. 1 of the Dake to Achterhoff deed is the property now known as Winterwood Shores Association and has no frontage on Duck Lake, although it does border on Scenic Drive. The Dake to Achterhoff deed references a future easement for access to Duck Lake by virtue of the following language:

> "...together with an easement way from the Scenic Highway to Duck Lake over such land as may be set aside by the party of the first part for the purpose of permitting the party of the second part, his heirs or assigns, (in community use with others to whom similar rights have been granted), to have ingress and egress to the shore of Duck Lake for bathing, boating and other recreational purposes, it being understood that the party of the first part shall set aside an adequate and suitable parcel of land for the use of the party of the second part and other persons who have heretofore or shall hereafter purchase property from the party of the first part lying west of the Scenic Highway."

42. Mignon P. Dake never set aside any parcel of land for ingress and egress to Duck Lake for John R. Achterhoff as referenced in the deed.

43. On January 9, 1961, John and Ruth Achterhoff conveyed by Warranty Deed (Liber 731, Page 299, Muskegon County Register of Deeds) to Robert and Shirley DeBoer, the property they had acquired from Mignon P. Dake in Government Lot 2, and included the following language of transfer:

> "The parties of the first part do further transfer, assign and convey to the parties of the second part, their heirs and assigns, such rights, titled and interests as were acquired by John R. Achterhoff, through a certain conveyance from Mignon P. Dake, dated June 30, 1953 and recorded July 25, 1953, at Liber 625, page 453-455, in the office of the Register of Deeds of Muskegon County, Michigan, covering the above described premises together with such other lands, in and to an easement way from the Scenic Highway to Duck Lake over such land as may be set aside by said Mignon P. Dake for the purposes of permitting said John R. Achterhoff, his heirs or assigns (in community use with others to whom similar rights have been granted), to have ingress and egress to the shore of Duck Lake for bathing boating and other recreational purposes and the understanding that said Mignon P. Dake would set aside an adequate and suitable parcel of land for the use of said John R. Achterhoff

> and other persons who had theretofore or would thereafter purchase property from said Mignon P. Dake lying West of Scenic Highway."

44. On June 15, 1996, Shirley DeBoer, Michael DeBoer and Paula Larsen, Trustees of the DeBoer Trust, conveyed by warranty deed (Liber 1923, Page 604, Muskegon County Register of Deeds) to Kickback Cove, LLC, the property acquired from John R. Achterhoff. The deed contained the following language:

> "Together with such rights, titles and interest as were acquired by John R. Achterhoff, through a certain conveyance from Mignon P. Dake, dated June 30, 1953 and recorded July 25, 1953, at Liber 625, page 453-455, in the office of the Register of Deeds of Muskegon County, Michigan, covering the above described premises together with such other lands, in and to an easement way from the Scenic Highway to Duck Lake over such land as may be set aside by said Mignon P. Dake for the purposes of permitting said John R. Achterhoff, his heirs or assigns (in community use with others to whom similar rights have been granted), to have ingress and egress to the shore of Duck Lake for bathing, boating and other recreational purposes and the understanding that said Mignon P. Dake would set aside an adequate and suitable parcel of land for the use of said John R. Achterhoff and other persons who had theretofore or would thereafter purchase property from said Mignon P. Dake lying West of Scenic Highway."

45. Kickback Cove, LLC has since developed the property into a six parcel residential neighborhood known as "Winterwood Shores Association", a Michigan non-profit corporation.

46. Each of the Defendant owners in the Winterwood Shores Association development is a successor to Mignon P. Dake and John R. Achterhoff.

47. The Winterwood Shores Association owners trace any claim of riparian rights and uses in Marcus Park, including the right to construct docks and other structures, to the original language contained in the Dake to Achterhoff deed of June 30, 1953.

48. Because Mignon P. Dake never set aside any land for purposes of an easement, any claim of access to Duck Lake which is traceable to the Dake to Achterhoff deed must fail.

**Allegations Pertaining to Marcus Dunes Condominium Parcels**

49. On July 20, 1962, Mignon P. Dake conveyed by warranty deed (Liber 759, Page 217, Muskegon County Register of Deeds) to Robert Van Kampen, property located in Government Lots 2, 3, and 4 of Section 24, Tl IN, R18W, except for certain parcels described as 1 through 10.

50. The Dake to Van Kampen deed includes the areas now known as Marcus Park and Marcus Dunes Condominiums.

51. The entire Van Kampen parcel including the areas now known as Marcus Park and Marcus Dunes Condominiums was conveyed by Van Kampen to Benjamin and Ruth Marcus by warranty deed (Liber 803, Page 242, Muskegon County Register of Deeds) on July 15, 1964.

52. On May 11, 1977, Benjamin and Ruth Marcus conveyed to Fruitland Township by Quit Claim Deed (Liber 1111, Page 471, Muskegon County Register of Deeds) a narrow strip of property between Duck Lake and Scenic Drive, now known as "Marcus Park," and described as:

> "All that property in Government Lot 2, Section 24, lying Easterly of Scenic Drive right-of-way and northerly of the property hereinafter described as parcel 10."

53. The 1977 Marcus to Fruitland conveyance contained the following language:

> "Said conveyance is made subject to the following conditions and reservations: ... 3) the grantors reserve an easement of access to said property for recreational and boating purposes for themselves and any of their grantees to whom they may have or in the future will convey parcels of property in Sec. 24, Fruitland Township, County of Muskegon, and State of Michigan..."

54. This attempted reservation of rights was invalid as an impermissible severing of riparian rights.

55. On March 15, 1990, Benjamin and Ruth Marcus, as vendors, and Gerald Henning, Joseph Shelton and Michelle Shelton as vendees/developers, entered into a land contract for that part of government Lot 2 of Section 24, Tl IN, R18W, described in a recorded Memorandum (Liber 1511, Page 398, Muskegon County Register of Deeds). Said contract did not convey nor purport to convey any riparian rights nor any rights of ingress or egress to Duck Lake.

56. This parcel was subsequently developed into the Marcus Dunes Condominiums according to the Master Deed dated April 10, 1981 and recorded in Liber 1562, Pages 247 through 291, inclusive, of Muskegon County Records.

57. On May 10, 1993, Benjamin and Ruth Marcus assigned to the Benjamin Marcus Trust (Liber 1691, Page 610, Muskegon County Register of Deeds) their land contract vendor's interest in Government Lot 2 which had been executed between Benjamin and Ruth Marcus, vendors, and Gerald Henning and Joseph and Machelle Shelton, vendees. Said assignment did not convey nor purport to convey any riparian rights nor any rights of ingress or egress to Duck Lake.

58. On March 25, 1998, Daniel F. Bonner, as attorney in fact for Benjamin and Ruth Marcus, executed a quit claim deed (Liber 2119, Page 753, Muskegon County Register of Deeds) to the Marcus Dunes Condominiums. This deed contained the following language pertaining to access to Duck Lake:

> "Said conveyance is made pursuant to the rights and powers reserved by the Grantors in the deed dated May 11, 1977 and recorded July 1, 1977 in Liber 1111, Page 471, Muskegon County Records and the Grantors specifically grant to the Grantees a non-exclusive easement of access over said property to Duck Lake for recreational and boating purposes."

**Allegations Pertaining to Fruitland Township**

59. On May 11, 1977, Benjamin and Ruth Marcus conveyed to Fruitland Township by Quit Claim Deed (Liber 1111, Page 471, Muskegon County Register of Deeds) a narrow strip of property between Duck Lake and Scenic Drive, now known as "Marcus Park," and described as:

> "All that property in Government Lot 2, Section 24, lying Easterly of Scenic Drive right-of-way and northerly of the property hereinafter described as parcel 10."

60. The 1977 Marcus to Fruitland conveyance contained the following language:

> "Said conveyance is made subject to the following conditions and reservations: 3) the grantors reserve an easement of access to said property for recreational and boating purposes for themselves and any of their grantees to whom they may have or in the future will convey parcels of property in Sec. 24, Fruitland Township, County of Muskegon, and State of Michigan..."

61. On June 21, 1977, the Township of Fruitland by resolution (Liber 1111, age 459, Muskegon County Register of Deeds) accepted the donation of the parcel by the Marcuses under the restrictions noted in the Quit Claim Deed, including the language quoted above.

62. Duck Lake is too small to accommodate the docks, boats, and the boat lifts of all the Defendants and any easement providing such uses therefore also provides for unreasonable riparian use of the lake.

**Allegations Pertaining to Richard and Linda Durell Parcel**

63. On April 10, 1945, G. Edward and Mignon Dake conveyed by Warranty Deed (Liber 486, Page 53, Muskegon County Register of Deeds) to Herman and Jannette Groman a certain parcel (Parcel 1) in Government Lot 2. This parcel had no frontage on Duck Lake nor did it have any access to a public road, except for the following language in the Deed.

> "Excepting and reserving unto grantors, their heirs and assigns, a perpetual easement for travel by vehicles or otherwise over a space now covered by a sand road, now existing over above described lands, to lands adjacent to above, now owned by said

> grantors; grantors also grant a perpetual easement to grantees, their heirs and assigns, for travel by vehicles or otherwise to a space now covered by a sand road, over adjacent lands, now owned by grantors, together with an casement for ingress and egress to Duck Lake over that certain piece and parcel of land now owned by grantors bounded by Duck Lake, the Scenic Highway and lands now owned by that certain organization or association known as The Evanston Boy Scouts.

64. The land burdened by the easement for ingress and egress to Duck Lake in the Dake to Groman deed is the property now known as Marcus Park.

65. On July 15, 1964, Benjamin Marcus and Ruth Marcus acquired property from Van Kampen by warranty deed (Liber 803, Page 242, Muskegon County Register of Deeds) which included what is now Marcus Park.

66. On July 20, 1964, Jannette Groman conveyed by warranty deed (Liber 803, Page 238, Muskegon County Register of Deeds) to Benjamin Marcus and Ruth Marcus three contiguous parcels in Government Lots 2 and 3 including the parcel she acquired from Dake in 1945 containing the easement to Duck Lake.

67. No easement for access to Duck Lake over the property that is now Marcus Park was reserved or conveyed by the Groman to Marcus deed.

68. On August 18, 1965, Benjamin Marcus and Ruth Marcus conveyed by warranty deed (Liber 833, Page 469, Muskegon County Register of Deeds) to Jack Mills and Wilma E. Mills two of the three contiguous parcels in Government Lots 2 and 3 including the parcel acquired from Dake in 1945. The deed did not convey an easement to Duck Lake.

69. On October 30, 1980, the Executor of the Estate of Jack and Wilma Mills conveyed by warranty deed (Liber 1207, Page 355, Muskegon County Register of Deeds) to Richard and Linda Durell the two parcels of property acquired from Marcus. The Deed contains the following language:

> "...together with but not by way of limitation, all rights and privileges of ingress and egress, if any, whether exclusive or otherwise, owned by, vested in, or claimed by, Jack Mills or his predecessors in title or possession, whether arising by deed, implication, possession, prescription or otherwise, from the above described lands to

Scenic Drive and from Scenic Drive to the shore of Duck Lake for bathing, boating or other recreational purposes."

70. Between July 20, 1964, and August 18, 1965, Benjamin Marcus and Ruth Marcus owned both Marcus Park and the property now owned by Durell, thus extinguishing any pre existing easements.

**COUNT I - DECLARATORY RELIEF**

71. Paragraphs 1 through 70 are incorporated by reference.

72. There is an actual controversy between Plaintiffs and Defendants regarding the nature and extent of Defendants' rights to construct and store private docks, boat lifts, and permanent moorings along the shores of Duck Lake and indeed, regarding Defendants' rights of access to Duck Lake.

73. Plaintiffs have no adequate remedy at law.

74. Plaintiffs are entitled to a declaration that Defendants have no right to construct and store private docks, lifts or any permanent structures in Marcus Park; and that any rights Defendants may have with regard to Duck Lake are for access to the surface of the lake, including swimming and boating, but no dockage.

**COUNT II - DECLARATORY RELIEF**

75. Paragraphs 1 through 74 are incorporated by reference.

76. Defendants' construction of docks, lifts and other permanent structures and use of Duck Lake is impermissible "overburdening" of the lake and therefore unreasonable use of any riparian rights they may be entitled to by virtue of their deeds and conveyances.

77. Plaintiffs have no adequate remedy at law.

78. Plaintiffs are entitled to a declaration that the individual Defendants have no right to construct more than one non-exclusive public dock in Marcus Park with the permission of the

Township and that such dock cannot be used for permanent, seasonable mooring of boats or other water craft.

**COUNT III – INJUNCTIVE RELIEF**

79. Paragraphs 1 through 78 are incorporated by reference.

80. Plaintiffs will suffer irreparable injury if Defendants are permitted to continue unreasonable use of Duck Lake by a variety of private docks, lifts and permanent mooring structures. 81. Plaintiffs have no adequate remedy at law.

82. Plaintiffs are entitled to injunctive relief to prevent Defendants from constructing and maintaining private docks, lifts and permanent structures along Duck Lake for the following reasons:

a. the individual Defendants' rights, whatever they may be, do not encompass the right to construct private docks, lifts or other permanent structures along the shore of Duck Lake;

b. the individual Defendants' easements for access to Duck Lake, if indeed such easements exist, do not encompass the right to construct private docks, lifts or other permanent structures along the shore of Duck Lake;

c. because the individual Defendants are all non-riparian owners, their easements for boating and recreational activity encompass no more than boating on the surface of Duck Lake and do not entail the full riparian right to construct private docks, lifts or other permanent structures.

d. the individual Defendants' rights of access, or easement rights, are no greater than those belonging to the public at large.

**COUNT IV – ZONING ORDINANCE VIOLATION ABATEMENT**

83. Paragraphs 1 through 82 are incorporated by reference.

84. Marcus Park lies within the Township's Inland Lake District and therefore is subject to Fruitland Township Zoning Ordinance Section 8.05a titled "Riparian Access and Waterfront Keyhole Development" which states, in pertinent part,

> "A. Required Frontage. In all zoning districts there shall be not less than fifty (50) feet of lake or stream frontage, as measured along the high water mark, for each single-family dwelling, dwelling unit, cottage, condominium unit, apartment unit, lot, back lot or other such dwelling, dwelling unit residence or lot abutting, possessing or accessing water frontage.
>
> * * *
>
> C. Waterfront Access Via Easement, Private Park, Etc. (Keyhole Development). No easement, private park, common area, lot or access property abutting or adjoining a lake or stream shall be used to permit access to a lake or stream for more than one (1) Single Family Dwelling, dwelling unit, cottage, condominium unit, apartment unit, or other such dwelling, dwelling unit, residence or other such or similar use."

85. Defendant Fruitland Township has allowed Marcus Park, access property, to be used to permit access to Duck Lake from more than one single family dwelling by allowing the individual Defendants to construct and maintain docks at Marcus Park and has therefore violated Zoning Ordinance Section 8.05a (C).

86. Defendant Fruitland Township has allowed Marcus Park to be used as access property for as many as 18 lots or back lots and has therefore violated zoning ordinance section 8.05a(A).

87. Pursuant to Township Zoning Ordinance Section 20.09, Plaintiffs are entitled to this Court's order requiring Defendant Township to prevent, enjoin, abate or remove any violation of the Township's Zoning Ordinance.

**COUNT V – MANDAMUS**

88. Paragraphs 1 through 87 are incorporated by reference.

89. Pursuant to Township Zoning Ordinance Section 20.14, Defendant Township's Board of Trustees and its duly authorized representatives, including the Township Parks and Recreation Commission, and its members, are "charged with the duty of enforcing the Ordinance". The same section further states:

> ". . . said Board is hereby empowered, in the name of Fruitland Township, to commence and pursue any and all necessary and appropriate actions and/or proceedings in the Circuit Court of Muskegon County, Michigan or any other court having jurisdiction, to restrain and/or prevent any non-compliance with or violation of any of the provisions of this Ordinance, and to correct, remedy, and/or abate such non-compliance or violation. And it is further provided that any person aggrieved or adversely affected by such non-compliance or violation may institute suit and/or join the Township Board in such a suit to abate the same."

90. As such, Defendant Township has a clear legal duty to "prevent, enjoin, abate or remove" any docks or boats or related materials placed in Marcus Park by more than one single family dwelling and to otherwise take all available steps to enforce Ordinance Section 8.05a of the Township's Zoning Ordinance as it may apply to Marcus Park.

91. Pursuant to Township Zoning Ordinance Section 20.09, Plaintiffs have a clear legal right to the performance of the Defendant Township's legal duty as described in the preceding paragraph.

92. Defendant Township has refused or is expected to refuse to comply with its duty to properly enforce Ordinance Section 8.05a.

93. Enforcement of Ordinance Section 8.05a is ministerial in nature because there is no easement or other instrument providing any Township resident with the right to construct or maintain docks or to moor watercraft at Marcus Park and because there is insufficient Marcus Park shoreline to accommodate 18 lots.

94. Plaintiffs are without legal remedies.

**COUNT VI – VIOLATION OF MCL 41.2**

95. Paragraphs 1 through 94 are incorporated by reference.

96. Defendant Township has no inherent legal power. Any power possessed by Defendant Township must be conferred by the Michigan Legislature or the Michigan Constitution.

97. In the absence of any conveyance by deed to the individual Defendants of an easement providing dockage or mooring rights at Marcus Park, the exercise of such rights must be by way of the Township's express or implied agreement.

98. MCL 41.2 (1)(b) provides that Defendant Fruitland Township has the limited power to make contracts only that are necessary and convenient for the exercise of the corporate power of Fruitland Township.

99. MCL 41.2(3) provides that Defendant's Board of Trustees has the limited power to convey property only if the property is not needed for public purposes.

100. The Township's express or implied agreement with the individual Defendants is not necessary and convenient to the exercise of Township's corporate power because it creates rights that do not otherwise exist and further violates or contradicts the following:

a. Township Ordinance Section 8.05a,

b. Ordinance Section 8.01a which states in pertinent part that:

> "The PURPOSE of the Inland Lakes District is to recognize, preserve and protect the environmental, aesthetic, and hydrologic functions; the public health, safety and welfare and to prevent and control water pollution. . . ,

1. The shoreline area has unique physical, biological, economic and social attributes including recreation, water quality protection, pollution migration and control of erosion and flooding.

2. Wetlands and shorelines, ecologically speaking, are synonymous and the environmental well being and health, safety and general welfare of Fruitland Township is substantially dependent and connected with the preservation of the shoreline areas.

3. Future land development and redevelopment should not be conducted at the expense of positive lakeshore attributes.

4. Property values will be enhanced as the natural features of the shoreline areas are protected and preserved.

5. Development issues have impacted shoreline habitat areas; the loss of vegetation and 'cleaned and groomed shorelines make erosion more likely, eliminates habitat corridors, and diminishes fish and wildlife populations.

* * *

The INTENT of this district is to protect Inland Lakes and Wetlands to the maximum extent possible, while allowing reasonable use of the property. The restrictions contained are intended to:

1. Effectively control and prevent the unreasonable development of shorelines and nearby areas.

* * *

5. Prevent and protect against the overuse of the shoreline and nearby areas and reasonably regulate lake access."

c. The goals and objections of the Parks and Recreation Commission as stated in its Draft Master Plan including expanding recreational opportunities for Township residences, optimizing the utilization of all existing facilities, preserving that portion of the landscape with the highest potential for public recreational use, and insuring user safety and satisfaction.

101. Because any agreement between the Township and the individual Defendants allowing the dockage or mooring rights at Marcus Park is not necessary and convenient for the exercise of the Township's corporate power, the Township has no power to enter into any such

agreement and therefore the Township is barred from allowing any party to construct and maintain docks, buoys, watercraft or other related materials at Marcus Park.

102. The property rights provided by the Township to the individual Defendants in Marcus Park are needed for public purposes as stated above in the Township's Zoning Ordinance and the Commission's Draft Master Plan for Parks, Recreation, Open Space, and Natural Areas. As such, pursuant to MCL 41.2(3), Defendant has no power to convey property rights in Marcus Park.

## COUNT VII – VIOLATION OF MCL 566.106

103. Paragraphs 1 through 102 are incorporated by reference.

104. Any alleged transfer of riparian rights or equivalent rights to the individual Defendants by way of an easement or otherwise was not done so in writing, subscribed by the transferor, and therefore any such transfer is barred and void pursuant to Michigan's Statute of Frauds, MCL 566.106.

## COUNT VIII – VIOLATION OF MARCUS DEED

105. Paragraphs 1 through 104 are incorporated by reference.

106. Defendant Township obtained the land now known as "Marcus Park" by way of a deed from Benjamin and Ruth G. Marcus dated May 11, 1977 which states, in pertinent part:

"Said conveyance is made subject to the following conditions and reservations:

1) said property shall be used for recreational or park purposes. . .;

2) the title to the above property may be transferred by the Township of Fruitland to any other governmental unit for the same purposes and under the same conditions and reservations;

3) The grantors reserve an easement or access to said property for recreational and boating purposes for themselves and any of their grantees to whom they may have or in the future will convey parcels of property in sec. 24, Fruitland Township, County of Muskegon. . ."

107. Defendants Rands, Ferrari, Tellam, Rumps, Hubers and Schweigerts ("Winterwood Shores owners") are not Marcus grantees and therefore do not have any property rights in Marcus Park.

108. Defendant Township's approval of the Winterwood Shore owners' use of Marcus Park as a docking/mooring site is in direct violation of the conditions and reservations stated in the Marcus to Fruitland Township deed because it provides for use of Marcus Park for boating purposes for parties other than Marcus grantees. Providing such rights in violation of the conditions and reservations of the deed is therefore illegal.

**COUNT IX – REASONABLE RIPARIAN USE**

109. Paragraphs 1 through 108 are incorporated by reference.

110. Marcus Park is riparian land and Defendant Township is therefore one of many riparian owners on Duck Lake.

111. As a riparian owner, Defendant Township has a duty to other riparian owners on the lake to use or allow use of the surface of the whole lake for boating, swimming, fishing, and other similar rights only in such a manner as to not interfere with the reasonable use of the waters by other riparian owners.

112. Defendant Township has breached this duty by:

a. Allowing more boats and docks to be placed at the Marcus Park shoreline than is reasonable or necessary thereby restricting boat access to park shoreline,

b. Restricting boating activities near the Park's shoreline due to placement of excess docks and boats,

c. Restricting swimming and fishing access or opportunities at or near the Park.

d. Causing other riparian owners to unreasonable and unnecessary exposure to liability and fines pursuant to MCL 324.80149, .80157, and .80158,

e. Causing excess boat access to Duck Lake.

113. There is no benefit to the Township in approving or allowing unauthorized docks and boats at Marcus Park or to restrict the use of Marcus Park or Duck Lake as described in the preceding paragraph.

**COUNT X – DECLARATORY RELIEF**

114. Paragraphs 1 through 113 are incorporated by reference.

115. Defendant Fruitland Township holds public lands in trust for the public and is authorized to allow such property to be used exclusively for public purposes.

116. When Defendant Fruitland Township accepted the donation of Marcus Park and dedicated the land to a public park, the Township accepted the concomitanent obligation to preserve the land for public purposes only.

117. In permitting non-riparian owners to utilize Marcus Park for personal and private dockage not afforded to members of the Township generally, the Township has acted in a manner not authorized by law.

118. In permitting non-riparian owners to utilize Marcus Park for personal and private dockage not afforded to members of the Township generally, the Township has violated the trust impressed upon public lands to be held for exclusively public purposes.

119. In allowing private docking at Marcus Park, the Township has acted in a manner not authorized by law or by the Marcus to Fruitland Township deed and the Township has violated the trust impressed upon public lands to be held exclusively for public purposes.

120. There is an actual controversy between Plaintiffs and Defendant such that declaratory relief is appropriate.

## COUNT XI – EQUAL PROTECTION- U.S. CONSTITUTION AMENDMENT 14, SECTION 1, 42 USC SECTION 1983, MICHIGAN CONSTITUTION, 1963, ARTICLE I, SECTION 2

121. Paragraphs 1 through 120 are incorporated by reference.

122. Pursuant to MCL 41.426a, the Fruitland Township Parks and Recreation Commission ("Commission"), has authority to maintain, manage and control Marcus Park.

123. Fruitland Township has allowed the individual Defendants to maintain docks, boat lifts, watercraft and related materials at Marcus Park.

124. At the Commission's November 10, 2010 meeting, the Commission formally approved easement amendment agreements submitted by the residents of Marcus Woods and Winterwood Shores that contained provisions allowing the individual Defendants to continue to maintain docks, boat lifts and watercraft in Marcus Park.

125. On June 29, 2010, Plaintiff Kennedy, through her legal counsel, requested permission from Fruitland Township, acting through the Commission, and the Township's Board of Trustees, to place a boat dock, boat lift, and related materials such as dock stands and cross members, in Marcus Park. Stated otherwise, Plaintiff Kennedy requested Fruitland Township to provide her with the same rights and privileges that were and continue to be afforded to the individual Defendants.

126. On September 20, 2010, Plaintiff Kennedy's request was once again directed to the attention of the Commission's chairperson.

127. On November 4, 2010, Plaintiff Kennedy's request was yet again directed to the attention of the Commission's chairperson.

128. Finally, at its February 7, 2011, meeting, over seven months after Plaintiff Kennedy's original request, the Commission formally denied the request. See attached Minutes of Commission's February 7, 2011 meeting.

129. On February 15, 2011, the Commission's chairperson informed Plaintiff Kennedy's legal counsel that the Commission's denial decision was based on the contention that "Marcus Park was conveyed to Fruitland Township for park purpose (sic) and not private use, and therefore it would be contrary to the purpose behind the park." See attached letter dated February 15, 2011.

130. The Equal Protection Clause of the 14th Amendment of the United States Constitution provides that no person shall be deprived of the equal protection of the laws.

131. Article I, Section 2 of the Michigan Constitution of 1963 similarly provides that no person shall be denied the equal protection of the laws.

132. The Equal Protection Clause of the 14th Amendment and its Michigan counterpart protect persons from differential treatment by government that has no rational basis.

133. Fruitland Township, acting through the Commission and its Board of Trustees, and therefore under color of law, has the affirmative duty to secure for Plaintiff Kennedy her constitutionally protected right to equal protection of the laws.

134. Plaintiff Kennedy and the individual Defendants are similarly situated in that none of them are riparian property owners on Duck Lake and none of them have any valid easement or other property interest upon which they can base a right to place or maintain docks, boat lifts, watercraft or related materials in Marcus Park.

135. Fruitland Township, acting under color of law, has authorized, tolerated, ratified, permitted, or acquiesced in the creation of a policy, practice, or custom of establishing a deliberate indifference to the equal protection rights of Plaintiff Kennedy and other non-riparian Duck Lake owners except the individual Defendants.

136. Fruitland Township's actions result in treatment of Plaintiff Kennedy that is different than the similarly-situated individual Defendants.

137. There is no rational basis for this differential treatment.

138. Fruitland Township's wrongful conduct in violation of the equal protection clause is actionable under 42 USC § 1983.

139. As a direct and proximate result of Defendant Township's violation of the equal protection provisions of the United States and Michigan Constitutions, Plaintiff Kennedy has suffered damage and harm, including the loss of her constitutional rights, entitling her to declaratory and injunctive relief.

**RELIEF REQUESTED**

WHEREFORE, Plaintiffs respectfully request that the Court order and award the following relief:

a. An order requiring Defendant Fruitland Township to prevent the individual Defendants and future property owners in Marcus Dunes and Winterwood Shores from violating Township Zoning Ordinances, including but not limited to, Section 8.05a and specifically requiring Defendant Fruitland Township to enforce its Zoning Ordinances.

b. An order declaring that Defendant Fruitland Township is permanently enjoined from granting the individual Defendants and future property owners in Marcus Dunes and Winterwood Shores any easement or other rights in Marcus Park to maintain docks, lifts, and related materials in the park.

c. An order or writ of Mandamus requiring Defendant Fruitland Township to enforce its Zoning Ordinance, including but not limited to, Section 8.05a against any resident, member or owner in Marcus Dunes or the Winterwood Shores Association.

d. Declare that no resident, member or owner in Marcus Dunes or the Winterwood Shores Association has riparian rights at or in Duck Lake, by way of Marcus Park.

e. Issue such other injunctive relief as may be appropriate.

f. An order awarding Plaintiff Kennedy with any relief allowed pursuant to 42 U.S.C. § 1983 and 1988 including costs and attorney fees.

g. Any other relief the Court deems necessary and just.

Dated: ____________________, 2011.

____________________________________
Bruce P. Rissi (P33218)
Attorney for Plaintiffs

BPR\Duck Lake\Pleadings\Amended Complaint 070611deh